**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN PIERCE LANKFORD (#259480)** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:15-cv-00512** |
| | ) | **Chief Judge Sharp** |
| **v.** | ) | |
| | ) | |
| **CITY OF HENDERSONVILLE,** | ) | |
| **TENNESSEE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## M E M O R A N D U M

Plaintiff John Pierce Lankford, an inmate at the Robertson County Detention Center in Springfield, Tennessee, brings this *pro se, in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 against the City of Hendersonville, Tennessee; the Hendersonville Police Department; R. Abel, a former Hendersonville police officer; S. King and T. Holman, Hendersonville police officers; Sonny Weatherford, Sheriff of Sumner County; Sonya Troutt, Sumner County Jail Administrator; and Southern Health Partners, the Sumner County Jail contracted health care provider. (Docket No. 1). The plaintiff seeks damages in the amount of $3,000,000.00 and the return of his seized property. (*Id.* at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.      PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

The plaintiff seeks relief pursuant to § 1983.   To state a claim under § 1983, the plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

According to the complaint, the plaintiff was arrested at his residence in Hendersonville, Tennessee, on October 12, 2012.   (Docket No. 1 at p. 11).  The complaint alleges that Hendersonville police officers Abel, King, and Holman used excessive force when arresting the plaintiff.  Specifically, the complaint states that the plaintiff's handcuffs were too tight, his arm was injured, and he sustained various cuts and bruises.   The complaint further alleges that Officer Abel illegally seized several items belonging to the plaintiff at the time of his arrest, which the plaintiff

has not been able to recover to date. (*Id.* at p. 13).[1]

According to the complaint, when the plaintiff was taken to the Sumner County Jail after his arrest, his injuries necessitated medical attention but the defendants refused to send the plaintiff for medical treatment, claiming that "the injury did not occur while in jail therefore if Plaintiff had insurance or could pay for treatment up front and in advance then and only then would outside medical treatment be arranged." (Docket No. 1 at p. 19). As a result of the defendants' failure to treat the plaintiff, the complaint alleges that the plaintiff continues to suffer from pain in his left arm and does not enjoy the full use of his left arm. (*Id.*)

## IV. Analysis

The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown,* 289 Fed. Appx. 114, 116 (6th Cir. 2008).

Here, the complaint advances § 1983 claims against City of Hendersonville, Tennessee, the Hendersonville Police Department, and three officers based on circumstances surrounding the plaintiff's arrest or arrests occurring in October of 2012. Additionally, the complaint advances § 1983 claims against the Sheriff of Sumner County, the Sumner County Jail Administrator, and

---

[1]A page appears to be missing from the complaint. Although it is not entirely clear, a fair inference from the included pages is that the plaintiff bonded out of the Sumner County Jail after his first arrest by officers Abel, King, and Holman on October 12, 2012, and was arrested a second time on October 13, 2012, by the same officers following an incident at a Hendersonville bowling alley. (Docket No. 1 at p. 14). Either way, whether the court is considering § 1983 allegations stemming from the plaintiff's arrest on October 12, 2012, or October 13, 2012, or on both dates, the same analysis applies. Likewise, all records submitted by the plaintiff in support of his complaint show that the jail's denial of medical treatment allegations pertain to the plaintiff's incarceration immediately following the plaintiff's arrest in October of 2012.

Southern Health Partners based on the alleged refusal to provide the plaintiff with medical treatment in October of 2012. Although the plaintiff's complaint was not dated at the time of signature (Docket No. 1 at p. 6), the complaint was received by the court on May 4, 2015. Thus, all § 1983 claims arising from events that occurred prior to May 5, 2014, are time barred under the governing one-year statute of limitations. Those claims must be dismissed. The complaint does not allege any incidents that occurred more recently than October of 2012.

## V.    CONCLUSION

As set forth above, the § 1983 claims alleged in the complaint must be dismissed as having been pursued beyond the applicable statute of limitations for such claims. There being no further claims before the court, this action will be dismissed.

An appropriate order will be entered.

Kevin H. Sharp
Kevin H. Sharp
Chief United States District Judge